Weygandt, C. J.
Fortunately this controversy presents no issue of fact, and the single question of law is simple and sharp.
*296 The former engineer of Vinton County died on October 16, 1960, resulting in a continuing vacancy in that office. He was the sole candidate nominated for that office at the primary election in May of this year. The respondents have expressed their intention to now place on the official ballot of that county the name of James Lee, a duly registered engineer, as a candidate for that office.
The nub of this controversy is the conceded fact that Lee is a resident and elector of Athens County, Ohio, but not of Vinton County.
The relator contends that in order to be eligible as such candidate for the office of engineer of Vinton County Lee must be a resident and elector of that county. The respondents insist that under the present law it is not necessary for him to be a resident and elector of that county if he is a resident and elector of this state.
If the Ohio Constitution of 1802 were still in effect, the answer would be found in Section 27 of Article I relating to appointive public officials, inasmuch as most public officials then were appointive instead of elective as now. The section read in part:
“No person shall be appointed to any office within any county, who shall not have been a citizen and inhabitant therein, one year next before his appointment * *
Nothing was left to inference in the requirement that each public official within a county must be a “citizen and inhabitant” of that county. However, this quoted language significantly was omitted when the present Constitution was adopted in 1851. The corresponding provision is Section 4 of Article XV. It now reads in part:
“No person shall be elected or appointed to any office in this state unless possessed of the qualifications of an elector # * # M
The only geographical area or political unit there mentioned is the state, and when the term “elector” is employed it would logically seem to connote an elector of the only political territory mentioned, namely, the state. In any event, the word “county” was eliminated by the substituted provision of 1851. *297 Hence, the present Constitution provides no express requirement that a candidate for the office of county engineer be a resident and elector of that county.
Turning next to the statutes, the following special provision of Section 3513.31, Revised Code, relates to the contingency in which the respondents propose to act:
“If a person nominated in a primary election as a candidate for election at the next general election dies, the vacancy so created may be filled by the same committee in the same manner as provided in the first five paragraphs of this section for the filling of similar vacancies created by withdrawals, except that the certification, when filling a vacancy created by death, may not be filed with the Secretary of State, or with a board of the most populous county of a district, or with the board of a county in which the major portion of the population of a subdivision is located, later than four p. m. of the tenth day before the day of such general election, or with any other board later than four p. m. of the fifth day before the day of such general election. ’ ’
Reference is there made to the first five paragraphs of this section. The uniform language there used is that the committee members may select “a person.” No limitation is imposed; and, in the third paragraph relating solely to candidates for county offices, there is no requirement that “a person” be a resident or elector of that county.
However, this does not mean that the statutes are devoid of definite eligibility requirements for the office of county engineer. Section 315.02, Revised Code, reads:
“No person holding the office of Clerk of the Court of Common Pleas, sheriff, county treasurer, or county recorder is eligible to hold the office of county engineer. No person is eligible in any county as a candidate for such office or shall be elected or appointed thereto unless he is a registered professional engineer and a registered surveyor, licensed to practice in this state, or unless he has previously served as county engineer immediately prior to his election to such office.”
Reference is made by counsel to the requirements of Sections 3513.01, 3513.02, 3513.05 and 3513.07, Revised Code. How *298 ever, they clearly relate solely to nominations at a party primary election and have no application to the filling of a vacancy on a ballot after the death of a duly nominated candidate.
Likewise, the relator relies on the following provision of Section 3503.01, Revised Code, defining an elector:
“Every citizen of the United States who is of the age of 21 years or over and who has been a resident of the state one year, of the county 40 days, and of the voting precinct 40 days next preceding the election at which he offers to vote has the qualifications of an elector and may vote at all elections * *
Counsel cite no decision of the courts of this state on the precise question here involved. However, the respondents rely on two opinions of the Attorney General of this state announced in 1950 and 1953. The first of these is Opinion No. 1870 which reads in part as follows:
“For the purpose of history and further clarification, the Constitution of the state of Ohio, Article XV, Section 4, reads in part:
“ ‘No person shall be elected or appointed to any office in this state unless possessed of the qualifications of an elector # * # J
“The Constitution, of course, is the law of the state. Its application is state-wide and when it refers to the qualifications of an elector it obviously means an elector of the state, and we can not bring it down to mean that wherever an appointment is made to fill a vacancy in a county office it means that such appointee shall be an elector of such county, in the absence of a specific requirement that he be such an elector.
“Under the election laws, Section 4785-3(h), General Code [Section 3501.01 (H), Revised Code], reads as follows:
“ ‘The term “elector” or “qualified elector” shall mean a person having the qualifications provided by law to entitle bim to vote.’
“Here I wish to point out again that we have a definition of an elector of the state of Ohio which of course when applied to a political subdivision does not change its meaning but does imply that for the purpose of voting his electorship must be localized to the place where he qualifies for the purpose of exer *299 cising Ms privilege to vote and has nothing whatever to do with his qualifications for appointment to a vacancy such as we are considering. ’ ’
This ruling now has stood for ten years, during which period the General Assembly has not seen fit to exercise its unquestioned authority in this matter of legislative policy.
This ruling is consistent with the general rule stated as follows in 120 A. L. R., 672:
“The decided weight of authority supports the view that residence within the district or other political unit for which he is elected or appointed is not a necessary qualification of an officer or candidate, in the absence of an express statutory or constitutional provision requiring such residence or that he shall be an elector of the political unit.”
The relator cites the decision of this court in the case of State, ex rel. Higgins, v. Brown, Secy. of State, 170 Ohio St., 511, 166 N. E. (2d), 759, as authority for employing the remedy of prohibition. However, the respondents do not question its use here.
The demurrer of the respondents to the relator’s petition is sustained and the prayer for a writ of prohibition is denied.

Writ denied.

Zimmerman, Taet and Herbert, JJ., concur.
Matthias, Bell and Peck, JJ., dissent.